**SO ORDERED.**

**DONE and SIGNED February 26, 2019.**



JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case Number: 15-11522 |
| | § | |
| Diane Stokes Farris | § | Chapter 13 |
| | § | |
| Debtor | § | |

## Memorandum of Decision

Before the Court is a motion filed by the United States Trustee (the "**UST Motion**") seeking to disgorge fees from, and impose fines on, bankruptcy petition preparer ("**BPP**") Cheynita Sneed [1] for violations of 11 U.S.C. § 110. (Doc. 63). The Court held an evidentiary hearing on the UST Motion on January 9, 2019. Testimony was given by Ms. Sneed and the debtor, Diane Stokes Farris ("**Debtor**"). The United States Trustee ("**UST**") was represented by counsel, Richard Drew. Ms. Sneed

---

[1] Ms. Sneed used her former name, Cheynita Gordon, in connection with her work as a bankruptcy petition preparer in this case. At trial, Ms. Gordon indicated that her preference was to be referred to by her married name, Cheynita Sneed (Tr. at 3:21-23). This Court is happy to oblige and will refer to her as Ms. Sneed throughout this Memorandum of Decision.

appeared *pro se*. Subsequent to the hearing, Ms. Sneed and Mr. Drew submitted proposed findings of fact and conclusions of law. (Doc. 72, 73).

After due consideration of the parties' arguments, testimony and briefing, for the reasons set forth more fully hereinafter, the Court GRANTS the UST Motion, and ORDERS Ms. Sneed to forfeit the $200.00 paid to her by Debtor, and FURTHER ORDERS that Ms. Sneed be fined $250.00 for each of her three violations of § 110, for an aggregate fine of $750.00, payable to the United States Trustee. The Court FURTHER ORDERS that Ms. Sneed is liable unto Debtor for statutory damages in the amount of $2,000.00.

### I. Jurisdiction, Venue, Core Status and Authority to Enter Final Order

This Court has jurisdiction over the motions pursuant to 28 U.S.C. § 1334 and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. Venue is proper pursuant to 28 U.S.C. § 1409. All claims presented to this Court are "core" pursuant to 28 U.S.C. § 157 (b)(2)(A). *Gould v. Clippard*, 340 B.R. 861, 869 (M.D. Tenn. 2006) (holding that "all Section 110 matters are core proceedings because such matters arise in Title 11."). As one court has held, "there can be no more fundamental exercise of core subject matter jurisdiction by the bankruptcy court than its policing of professionals, such as bankruptcy petition preparers (BPP), whom debtors pay to render services in connection with their cases." *In re Douglas*, 304 B.R. 223, 232 (Bankr. D. Md. 2003).[2]

---

[2] The Court further notes that "[it] has the inherent power to regulate the conduct of attorneys *and non-attorneys* providing, or attempting to provide, assistance to bankruptcy debtors." (Emphasis added). *In re Nieves*, 290 B.R. 370 (Bankr. C.D. Cal. 2003). This is necessary to prevent the victimization of debtors and abuse of the bankruptcy process. *Id*.

This Court has an independent duty to evaluate whether it has the constitutional authority to enter a final order. The Supreme Court's ruling in *Stern v. Marshall,* 564 U.S. 462 (2011), sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders. *BP RE, L.P. v. RML Waxahachie Dodge, L.L.C.,* 735 F.3d 279, 286 (5th Cir.2013) (" 'the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.' ") (quoting *Stern,* 564 U.S. at 499). Thus, under *Stern,* in addition to determining whether each claim is core or non-core, this Court must also determine whether the underlying issue "stems from the bankruptcy itself or it would necessarily be resolved in the claims allowance process." *BP RE,* 735 F.3d at 286. Absent both statutory and constitutional authority, this Court may not enter a final order, and instead must issue proposed findings of fact and conclusions of law to be considered by the district court.

The matter at bar requires this Court to issue rulings on a motion to disgorge fees and for statutory fines pursuant to the bankruptcy petition preparer statute, which solely concerns federal bankruptcy law. *See* 11 U.S.C. § 110. Therefore, there are no *Stern* issues in this case. This Court holds that it has the constitutional and statutory authority to enter a final order or judgment with respect to the matters at bar. *In re Wilson-Seafresh, Inc.*, 263 B.R. 624, 630 (Bankr. N.D. Fla. 2001) ("While the Bankruptcy Code itself makes no mention of disgorgement of fees, case law clearly recognizes the authority of the bankruptcy court to order the disgorgement of fees under various situations."). Indeed, as the court held in *In re Douglas*, "when a

complaint of misconduct is brought in the bankruptcy court against a professional such as a BPP by the Office of the United States Trustee, which is statutorily charged with monitoring the bankruptcy system for the public good, it is obvious that the court has the subject matter jurisdiction to hear and determine it . . . any assertion to the contrary is nonsense." 304 B.R. 223, 232 (Bankr. D. Md. 2003); see also *In re Gross*, 2009 WL 2882828 (Bankr. E.D. Va. 2009) (holding that the imposition of sanctions on a BPP is a core proceeding).

## II. Findings of Fact

This Court makes the following findings of fact pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 52 of the Federal Rules of Civil Procedure. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such.

The facts, in pertinent part, are as follows:

1. On August 19, 2015, Debtor filed a Chapter 13 petition for relief. (Doc. 1). While Debtor was represented by counsel at the time of her chapter 13 filing, she later filed a *pro se* Motion to Convert Case from Chapter 13 to Chapter 7 (Doc. 47) with the assistance of Ms. Sneed.

2. Ms. Sneed testified that she owns and operates [3] the Business "Low Cost Documents Services" ("**LCDS**"), and that since March of 2018 [4], it has been located

---

[3] Ms. Sneed testified that while she is the sole proprietor and operator of LCDS (an unincorporated entity), her husband also works for the company as its director of marketing. (Tr. at 47:2-8; 62:7-18).

[4] Ms. Sneed first opened a Louisiana location for LCDS in February of 2016 at a building on Pines Road, although Ms. Sneed could not recall its address. (Tr. at 52:1-4).

at 9051 Mansfield Road, Building E, Suite 2, Shreveport, Louisiana. (Tr. at 47:2-9).

3. The LCDS Facebook page has advertised that "Low Cost Specialize [*sic*.] in Bankruptcy filing," including chapter 13 and chapter 7 cases. (UST Ex. 1 at 2). Another advertisement on the LCDS Facebook page states that "we can convert your 13 to a 7." (UST Ex. 1 at 2). The LCDS Facebook page has also advertised the service of explaining the difference between chapter 7 and chapter 13 proceedings. (UST Ex. 1 at 10). The LCDS Facebook page has included a photograph of the words "Legal Services" in its marketing materials. (UST Ex. 1 at 11).

4. Ms. Sneed is not a lawyer licensed in the state of Louisiana or any other state, and LCDS has not worked with or had any association with a Louisiana attorney[5] in providing bankruptcy assistance. (Tr. at 49:23-50:9).

5. Debtor contacted Ms. Sneed for bankruptcy assistance in converting her case to a chapter 7. (Tr. at 39:8-13). She paid Ms. Sneed $200. (Tr. at 39:25-40:1).

6. Ms. Sneed prepared for Debtor a motion to convert the case from chapter 13 to chapter 7, an amended petition, a chapter 7 statement of intent, and a declaration regarding electronic filing. (Doc. 47, 48, 50, 51). Ms. Sneed also prepared an Official Form 119 "Bankruptcy Petition Preparer's Notice, Declaration and Signature ("**BPP Notice**"), reporting that she had prepared these documents. (Doc. 49). All of these documents were filed on August 3, 2018. Ms. Sneed brought the documents to the Clerk of Court's office on behalf of Debtor for filing. (Tr. at 41:3-5).

---

[5] Before she opened up the LCDS location on Mansfield Road in Shreveport, Louisiana, Ms. Sneed testified that she worked as a paralegal for Shreveport attorney S.P. Davis from August, 2017 to February, 2018. (Tr. at 50:2-22, 51:9-11). Ms. Sneed testified that while she has no formal association with any Louisiana attorney, she will occasionally refer clients to Mr. Davis and other lawyers. *Id*.

7. Neither Debtor nor Ms. Sneed filed Official Bankruptcy Form B 2800, which is a declaration under penalty of perjury disclosing compensation as bankruptcy petition preparer. Ms. Sneed did not present credible testimony establishing that she ever prepared any such declaration.

8. Apart from her work as a BPP in this case, Ms. Sneed has been a BPP in three (3) other Louisiana bankruptcy cases. (Tr. at 64:1-8). Additionally, Ms. Sneed testified that she provides bankruptcy services through her company's online website, and that these services include preparing bankruptcy schedules and other documents for filing in other states. (Tr. at 52:23-25).

9. Debtor's testimony was credible. Ms. Sneed's testimony was not credible.

### III. Conclusions of Law and Analysis

This Court makes the following conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 52 of the Federal Rules of Civil Procedure. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. [6]

#### A. The Bankruptcy Petition Preparer Statute

The bankruptcy petition preparer statute, Section 110 of Title 11, was enacted as part of the Bankruptcy Reform Act of 1994, and provides penalties for a person, other than an attorney or employee of an attorney, who negligently or fraudulently

---

[6] Unless otherwise indicated, all citations to statutory sections are to the Bankruptcy Reform Act of 1978 ("Bankruptcy Code" or "Code"), as amended, 11 U.S.C. § 101 *et seq.*

prepares bankruptcy petitions. *In re Farner*, 17 Mont. B.R. 48, 50 (Bankr. D. Mont. 1998); *In re Stacy*, 193 B.R. 31, 35 (Bankr. D. Or. 1996). The House Report explains the rationale behind § 110 as follows:

> Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advise and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.

H.R. Rep. 103–384, 103rd Cong., 2nd Sess. at 40–41 (Oct. 4, 1994); *In re Rankin*, 320 B.R. 171, 179–80 (Bankr. D. Mont. 2005).

### B. Ms. Sneed is a Bankruptcy Petition Preparer

Under § 110(a)(1) of the Code, a "bankruptcy petition preparer" is someone, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares, for compensation, for a debtor "documents for filing," as that term is defined in 11 U.S.C. § 110(a)(2). Ms. Sneed stated, under penalty of perjury, in Official Form 119 (Doc. 49) that she is a bankruptcy petition preparer and Debtor's testimony supports that conclusion. The Court concludes that Ms. Sneed is a "bankruptcy petition preparer" as that term is defined in § 110 of the Bankruptcy Code.

Because Ms. Sneed is a bankruptcy petition preparer, she is subject to 11 U.S.C. § 110, and can be penalized and fined in accordance with the statute for violations thereof.

### C. Failure to File Declaration of Payments by Debtor to Petition Preparer in Violation of § 110(h)

Section 110(h)(2) of the Code provides that "a declaration under penalty of perjury by the petition preparer shall be filed together with the petition, disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor." *See*, Official Bankruptcy Form B 2800. Section 110(h)(3)(B) provides that a failure to comply with § 110(h) is cause for forfeiture of all fees charged by a petition preparer in a case. Section 110(l) further provides that a petition preparer may be fined a maximum of $500.00 per violation for failure to comply with § 110(h).

As evidenced by the case record, such a declaration was never filed, despite Ms. Sneed's admission that she received $200 from Debtor. (Tr. at 36:7-11). Ms. Sneed testified that she prepared and provided Debtor such a declaration but that Debtor did not file it, despite filing other documents she prepared for her. The Court finds this testimony self-serving and not credible. See *In re Bay*, 2014 WL 2600114 (Bankr. S.D. Tex. 2014) (holding that "a self-serving pattern of selective recall and selective disclosure weakens credibility and the court may give such testimony lesser weight.")

Debtor, however, credibly testified that it was Ms. Sneed, rather than Debtor, who actually brought the documents to the clerk of court's office for filing. (Tr. at 41:3-5). Ms. Sneed filed several documents but the § 110(h)(2) declaration was not among them. Furthermore, between the January 9, 2019 hearing and the post-trial briefing deadline of February 11, 2019, Ms. Sneed had ample opportunity to provide the Court with a copy of the § 110(h) declaration that she claims to have provided to

Debtor for filing, but such a declaration was never provided. This is in spite of the fact that Ms. Sneed's testimony indicated that she "kept a copy of all documents" for her own file. (Tr. at 59:1-3).

Ms. Sneed's protestations notwithstanding, the Court cannot overlook credible testimony to accept that Debtor was provided a signed compensation declaration by Ms. Sneed, but that such compensation declaration was not filed with the Court, despite the fact that Ms. Sneed filed numerous other documents with the Court on Debtor's behalf. Even if Ms. Sneed did prepare a compensation declaration, why hasn't Ms. Sneed been able to produce a copy of such declaration? The clear implication, and this Court's finding, is that Ms. Sneed never prepared or delivered to Debtor a compensation declaration in the first place.

Because the Court finds that Ms. Sneed failed to deliver to Debtor the required compensation declaration under § 110(h)(2), the Court pretermits consideration of Ms. Sneed's argument that the bankruptcy petition preparer statute does not require her to file the § 110(h) declaration but that it requires Debtor to do so.[7] (Doc. 73, ¶ 3).

Ms. Sneed also relies heavily on a purported "contract". (Sneed Ex. 3). Such reliance is misplaced because Ms. Sneed was not able to produce a copy of any contract signed by Debtor.

---

[7] This argument is based in part on the language in Rule 2016(c) of the Federal Bankruptcy Rules which requires the BPP to deliver a compensation disclosure to the debtor but does not specifically require the BPP to file the original compensation disclosure into the suit record. Rather, so the argument goes, Rule 2016(c) only requires the BPP to file with the clerk any supplemental statement to the original disclosure. While not necessary to the Court's ruling in this case, the Court notes that, despite the language of Rule 2016(c), which is clearly a procedural rule, Section 110(h) of the Bankruptcy Code sets forth substantive and affirmative duties for all BPP's, which include a BPP's duty to ensure that all compensation declarations are duly filed.

This Court agrees with the UST's assertion that Ms. Sneed exhibited a pervasive neglect of her duty to disclose her compensation to the court, with no evidence she prepared, much less filed, the declaration under penalty of perjury required by § 110(h)(2).

**B.     Violation of § 110(f) in Advertising**

Section 110(f) of the Bankruptcy Code prohibits a petition preparer from using the word "legal" or "any similar term in any advertisement...." 11 U.S.C. § 110(f). As set forth above, the underlying purpose of § 110 is to protect debtors who may be "ignorant of their rights both inside and outside the bankruptcy system." *In re Gomez*, 259 B.R. 379, 385 (Bankr. D. Colo. 2001). Put practically, the statute's intent is to ensure that "debtors understand exactly what they will and will not receive from petition preparers." *Id*.

In this case, the door to Ms. Sneed's BPP business contained a sign using the term "Legal Services." (Tr. at 64:9-22). A photograph of the "Legal Services" sign also appears on the LCDS Facebook page. *Id.* Additionally, Ms. Sneed testified that the term "Legal Services" appears on pamphlets distributed by Ms. Sneed at LCDS. (Tr. at 55:5-12).

The plain language of § 110(f) prohibits any use of the word "legal" in an advertisement by a non-attorney BPP. This prohibition clearly includes use of the term "Legal Services." The statute "does not say that some uses of the word 'legal' are acceptable through context, modifier, or otherwise." *In re Wojcik*, 560 B.R. 763, 770–71 (B.A.P. 9th Cir. 2016). The prohibition is "absolute and unambiguous." *In re*

*Farness*, 244 B.R. 464, 468 (Bankr. D. Idaho 2000). Therefore, whether Debtor was actually misled into thinking Ms. Sneed offered legal advice or legal services is not the test for whether Ms. Sneed violated § 110(f). Section 110(f) is a "strict liability" provision. *Bolen v. King (In re Howard)*, 351 B.R. 371, 380 (Bankr. W.D. La. 2005).

The intent and impact of the statement "Legal Services" is unmistakable. The Court finds that Ms. Sneed violated 11 U.S.C. § 110(f).

### C. Violation of § 110(e)(2) by Providing Legal Advice

Section 110(e)(2)(A) of the Bankruptcy Code prohibits a petition preparer from rendering legal advice. Section 110(e)(2)(B) sets forth a nonexclusive list of what constitutes legal advice for purposes of § 110(e)(2)(A). Included in this list is: (i) whether filing a bankruptcy case is appropriate; (ii) whether the debtor will be able to retain a home, car, or other property; and (iii) advising the debtor on the procedures and rights of a debtor in bankruptcy. 11 U.S.C. § 110(e)(2)(B).

Ms. Sneed maintains that she never gave legal advice simply because the "contract" she produced at the hearing includes a provision stating that Ms. Sneed was not giving legal advice. However, Ms. Sneed cannot contract around § 110's prohibition on bankruptcy petition preparers offering legal advice.

The question of whether or not Ms. Sneed gave Debtor legal advice can be answered by the fact that she filled out and filed numerous documents for Debtor. Preparing bankruptcy documents and giving advice regarding bankruptcy matters of necessity constitutes the practice of law. *In re Guttierez*, 248 B.R. 287, 295 (Bankr. W.D. Tex. 2000). Bankruptcy documents simply cannot be prepared without having

to make legal decisions. *Id.* Even the simplest bankruptcy cases require a familiarity with principles of bankruptcy and state property law which are beyond a layperson's knowledge. *Id.* When the petition preparer makes these choices for the debtor, as Ms. Sneed did here, the petition preparer is practicing law. *Id.*

The Court concludes that Ms. Sneed violated 11 U.S.C. § 110(e). In finding that Ms. Sneed violated § 110(e), this Court adopts the warning issued by Judge Jay Cristol of the Southern District of Florida in *In re Hidalgo*: "Let all individuals who are preying upon the misery and misfortune of poor people by taking their last dollars for false counsel, beware. The full power of the court will be used to discover and appropriately sanction such wrongdoers." *In re Hidalgo*, 96 B.R. 389, 390 (Bankr. S.D. Fla. 1988).

### D. Applicable Law on Forfeiture of Fees and Imposing Fines and Statutory Damages for Violations of § 110

*1. Disgorgement of Fees and Imposition of Fines*

All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with § 110(b), (c), (d), (e), (f), (g) or (h). As set forth above, Ms. Sneed failed to comply with § 110(e), (f) and (h) in connection with her assistance of Debtor. This Court concludes that all fees charged to Debtor should be forfeited. Debtor testified that she paid a total of $200.00 to Ms. Sneed. Therefore, **$200.00 should be forfeited by Ms. Sneed, and made payable to Debtor.**

Additionally, § 110(l)(1) provides that a bankruptcy petition preparer who fails to comply with any provision of Subsection (b), (c), (d), (e), (f), (g) or (h) of § 110 may

be fined not more than $500.00 for each violation. The evidence discussed above supports the United States Trustee's assertions of violations of § 110(e), (f) and (h). The United States Trustee's motion requests the imposition of fines in addition to the forfeiture of fees. This Court concludes that it should fine Ms. Sneed $250.00 for each violation. Since the Court has concluded that Ms. Sneed committed three (3) violations of § 110, **Ms. Sneed's fines aggregate to $750**. Ms. Sneed shall pay such fine to the United States Trustee, who shall deposit the amount in the United States Trustee Fund. 11 U.S.C. § 110(l)(4)(A).

   2. *Statutory Damages*

A BPP who violates § 110, including Subsection (f), "or commits any act that the court finds to be fraudulent, unfair, or deceptive" *shall* be ordered by the court to pay to the debtor:

   (A) the debtor's actual damages;

   (B) *the greater of—*

      (i)    $2,000.00; or

      (ii)   twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

   (C) reasonable attorney's fees and costs in moving for damages …

11 U.S.C. 110(i)(1) (Emphasis added).

The Court finds that Ms. Sneed violated § 110(e), (f) and (h), which is enough to mandate damages under § 110(i)(1). The use of the word "shall" in § 110(i)(1) indicates that the bankruptcy court has no discretion in deciding whether to impose statutory damages of $2,000.00 once it finds a violation of § 110(f), (h) or (e). *In re*

*Wojcik*, 560 B.R. 763, 771 (B.A.P. 9th Cir. 2016). Even if no actual damages are requested, the court must award statutory damages which are computed to be the greater of either: (1) $2,000.00, or (2) twice the amount paid by the debtor to the BPP for his or her services ($400.00 here). *In re Branch*, 504 B.R. 634, 648 (Bankr. E.D. Calif. 2014). As such, this Court is constrained by § 110(i)(1) and **awards Debtor $2,000.00 in statutory damages**.

The disgorgement of the $200.00 fee Debtor paid to Ms. Sneed and the $750.00 in total fines are, however, discretionary, with Congress's use of the term "may" in both § 110(h)(3)(B) and (l)(1). See *id*. (court is permitted, but not required, to order the forfeiture of fees or impose statutory fines when violation of § 110(f) has occurred). Due to the multiple violations of § 110 described above, the Court finds that it is well within its discretion to order the disgorgement of Ms. Sneed's $200.00 fee under § 110(i)(1), and to fine her $250.00 (half of the maximum of $500.00) per violation for three violations.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the United States Trustee has met its burden in showing that Ms. Sneed violated § 110 of the Bankruptcy Code on multiple occasions. The evidence showed that Ms. Sneed: (1) was paid compensation by a Chapter 13 debtor that was not disclosed to the Court, (2) advertised her BPP business as one offering "legal services," and (3) illegally went beyond the scope of the "typing/scrivening" services that BPP's are authorized to do.

The Court orders Ms. Sneed to forfeit $200.00, payable to Debtor. The Court

also imposes a fine of $250.00 against Ms. Sneed for each of her three violations of § 110, for an aggregate fine of $750.00, payable to the United States Trustee. Finally, the Court holds that Ms. Sneed is liable to Debtor for mandatory statutory damages in the amount of $2,000.00.

The Court will issue a separate Order consistent with this Memorandum of Decision.

###